IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                         No. CR 04-1497 JB

ROBERT JESS RANKIN and
SCOTT BURN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Robert Jess Rankin's Notice of Brady Request, filed February 25, 2005 (Doc. 21). The Court held a hearing on this notice on April 26, 2005. At the hearing, Defendant Scott Bruns joined in Rankin's request. See Transcript of Hearing at 23:12-20.[1] The primary issue is whether the Court should order the production of the entire personnel files of New Mexico Game and Fish Department employees named in the Defendants' notice. Because the United States does not have possession of these files, and because the Defendants do not intend to subpoena the state of New Mexico for these files, the Court need not decide whether the Defendants would be entitled to these files if they subpoenaed them from the state.

## PROCEDURAL BACKGROUND

The Defendants notify the United States, pursuant to paragraph eight of the standing discovery order in these proceedings, see Order, filed August 19, 2004 (Doc. 6), of their request for discovery pursuant to Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bagley, 473 U.S. 667

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

(1984); United States v. Agurs, 427 U.S. 97 (1976); Giglio v. United States, 405 U.S. 150 (1972); and Brady v. Maryland, 373 U.S. 83 (1963).  Specifically, the Defendants request any and all evidence relating to the bias and credibility of any person who will testify on behalf of the United States at the trial.  This request specifically includes:

   a.   All information concerning any disciplinary proceedings or grievances filed against any government witness who is expected to testify at trial.  This request includes, but is not limited to, personnel records of New Mexico Game and Fish officers Patrick Barncastle, Terr Scarafiotti, Robert Griego, Brad Knowles, Anthony Manfredi, Lana Thompson, and Ernie Sandoval.

   b.   All information concerning government payments or promises of favorable treatment.  See United States v. Mayer, 556 F.2d 245, 248-49 (5th Cir. 1977).

   c.   All information concerning prior criminal records or game violations committed by each such government witness.  See United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980).

   d.   Identification and disclosure of prior testimony and statements of such witnesses.  See Johnson v. Brewer, 521 F.2d 556, 563-64 (8th Cir. 1975); 18 U.S.C. § 3500.

   e.   Any reports or other documents within the United States' possession or control as identified in paragraph 2(C) of the standing discovery order issued August 19, 2004.

At the hearing on April 26, 2005, the Defendants represented that, considering that the personnel files were not in the United States' possession, they did not have any intention of seeking a rule 17(C) subpoena.  See Transcript of Hearing at 4:4-7 (taken April 26, 2005).[2]  The Defendants represented that, if and when they sought such a subpoena, they will make the requisite showing

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

under United States v. Nixon, 418 U.S. 683 (1974). See Transcript of Hearing at 4:4-7. Moreover, the Defendants conceded that the United States had responded thoroughly to their Brady request, see Transcript at 4:9-16, with the exception that the United States had not responded to their request for information on promises of favorable treatment, see id. at 4:10-13. In response, the United States maintained that immunity agreements for two grand jury witnesses were the only information it had not disclosed to the Defendants. See id. at 4:20-25. The United States agreed to supply the Defendants with copies of those agreements, and the Defendants represented that this satisfied their request. Id. at 4:24 - 5:5.

## RULE 17(c) SUBPOENA

If the defendant does not meet the requirements of United States v. Nixon, the court may quash the subpoena. Additionally, the district court, in its discretion may quash such a subpoena if production would be "unreasonable or oppressive." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 n.5 (1951); United States v. McGrady, 508 F.2d 13, 18 (8th Cir. 1974). The decision whether to quash a subpoena is a matter within the district court's sound discretion "since the necessity for the subpoena most often turns upon a determination of factual issues." United States v. Nixon, 418 U.S. at 702.

The Supreme Court recognized a privacy right in Nixon v. Administrator of General Services, 433 U.S. 425 (1977): "We may agree with appellant that, at least when Government intervention is at stake, public officials, including the President, are not wholly without constitutionally protected privacy rights in matters of personal life unrelated to any acts done by them in their public capacity." Id. at 457. This right to privacy is not absolute, however, and a "compelling state interest" can override the right to privacy. See Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d

432, 436 (10th Cir. 1981).

## ANALYSIS

The Defendants submit their request to comply with the specificity requirements of <u>Brady v. Maryland</u>, <u>Kyles v. Whitley</u>, <u>United States v. Agurs</u>, and <u>United States v. Bagley</u>, and to ensure that the United States complies with its obligation to provide exculpatory information to them. The United States represents that it has complied with the mandates of rule 16 of the Federal Rules of Criminal Procedure, the Court's standing discovery order, and <u>Brady v. Maryland</u>. The United States acknowledges a continuing duty to disclose under rule 16 and the Court's standing discovery order. The United States also commits to comply with the mandates of <u>Giglio v. United States</u>, and <u>United States v. Bagley</u>, and disclose evidence within its control that may be used to substantially impeach the credibility of any witness the government intends to call.

With respect to the personnel files of the New Mexico Department of Game and Fish officers that the Defendants request, the United States possesses no such personnel files as part of its prosecutorial report. Consequently, if the Defendants believe that such personnel files contain <u>Brady</u> material, they may attempt to obtain such records by way of a subpoena pursuant to rule 17(c).

In this case, the Defendants seek the disclosure of the entire personnel files of the New Mexico Game and Fish officers without alleging any specific issues which would entitle them to such a disclosure. If the Defendants move, pursuant to rule 17(c), for a subpoena duces tecum requesting the production of said personnel files, they must first show how the requested personnel files are relevant and admissible. See <u>United States v. Nixon</u>, 418 U.S. at 700. As a result of the requirements that the Supreme Court established in <u>United States v. Nixon</u>, there does not exist any presumption that <u>Brady</u> material exists in the requested in the personnel files.

The burden is on the Defendants to establish that their request for the personnel files is made in "good faith" and is not a general "fishing expedition." Id. at 700. To date, the Defendants have not made any specific allegation against any of the New Mexico Game and Fish officers that they name which would establish a good faith basis for the disclosure they seek. Additionally, their request for the entire personnel files of the New Mexico Game and Fish officers named in their Notice may be inconsistent with the requirement that their request not be "unreasonable and oppressive." The request for the entire personnel file may be sweeping and overly broad, going beyond the scope of the rules of criminal discovery.

Moreover, such disclosure may violate the privacy rights of the New Mexico Game and Fish officers involved. Such files often contain personal information unrelated to the Brady material that the Defendants seek. Disclosure of the "entire" personnel file might be unreasonable and oppressive. See Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d at 435. Even if disclosure of the alleged Brady from the personnel files were warranted, only the Brady material should be disclosed, not the entire personnel files. See id. at 336; United States v. Cadet, 727 F.2d 1453, 1467-1468 (9th Cir. 1984).

The United States indicates that, pursuant to an order, it will attempt to obtain the personnel files of the New Mexico Game and Fish officers for the district court's *in camera* review. Before securing the order for the production of personnel files, however, the Defendants must establish a good faith basis showing how each requested personnel file is relevant and admissible, and the compelling state interest at stake which requires disclosure of the entire personnel files. To date, the Defendants have not made the requisite showing.

In light of the United States' compliance with the mandates of rule 16, of the Court's standing

discovery order, and of Brady v. Maryland, and in light of the fact that the United States is aware of its continuing duties under this law, the Court will dismiss the Defendants' request as moot or as premature.

**IT IS ORDERED** that the Defendants' Brady Requests are dismissed as moot and their request for personnel files is dismissed without prejudice as premature.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
James T. Martin
  Supervisory Assistant United States Attorney
    for the District of New Mexico
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Robert E. Kinney
  Assistant Federal Public Defender
Las Cruces, New Mexico

    *Attorney for Defendant Robert Jess Rankin*

Jess Lilley
Las Cruces, New Mexico

    *Attorney for Defendant Scott Bruns*