IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                             No. CR 04-1497 JB

ROBERT JESS RANKIN and
SCOT BRUNS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Robert Jess Rankin's Motion for Bill of Particulars, filed February 28, 2005 (Doc. 22).  At the hearing, Defendant Scott Bruns joined in Rankin's motion.  See Transcript of Hearing at 23:12-20.[1]  The Court held a hearing on this motion on April 26, 2005.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the Defendants' Motion for Bill of Particulars.

## PROCEDURAL BACKGROUND

This matter involves a Lacey Act prosecution arising from allegations that the Defendants "knowingly engaged in conduct that involved the sale and purchase of, offer of sale and purchase of, and intent to sell wildlife with a market value in excess of $350."  Indictment at 1 (filed August 5, 2004)(Doc. 1).  The Indictment states that the wildlife in question was an oryx and provides the date on and area in which the illegal activity occurred.  The Indictment also lists the statutory provisions

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

under which they are being charged.  The Defendants move, pursuant to rule 12(b) of the Federal

Rules of Criminal Procedure, for an order requiring the United States to provide a bill of particulars

to him.

## LAW REGARDING THE SPECIFICITY
## AND SUFFICIENCY OF AN INDICTMENT

Rule 7(c) states that an indictment "must be a plain, concise, and definite written statement

of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c).  The indictment must

sufficiently apprise the defendant of what he must be prepared to meet.  See Cochran v. United

States, 157 U.S. 286, 290 (1895).  The court should consider the entire document in determining

whether the indictment is sufficient.  See United States v. Mobile Materials, Inc., 871 F.2d 902, 906-

07 (10th Cir. 1989).

An indictment also must allow the defendant to plead a former acquittal or conviction as a

defense to subsequent proceedings against him for the same or similar acts.  See Russell v. United

States, 369 U.S. 749, 763-64 (1962); United States v. Lepanto, 817 F.2d 1463, 1465 (10th Cir.

1987).  Thus, an indictment is sufficient when it contains the offense's elements and apprises the

defendant of the charges he must meet so that a judgment returned on the indictment will protect him

against double jeopardy.  See United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990); United

States v. Mobile Materials, Inc., 871 F.2d at 906.

The specificity requirements ensures that a defendant: "(1) should be called to answer charges

actually brought by the Grand Jury and not a prosecutor's interpretation of those charges; (2) be

apprised of the charge against him in order to permit preparation of a defense; (3) be protected

against double jeopardy."  United States v. Haas, 583 F.2d 216, 219 (5th Cir. 1978).

A bill of particulars is "not a discovery device but may serve to 'amplif[y] the indictment by providing additional information.'"   United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(quoting United States v. Johnson, 575 F.2d 1347, 1356 (5th Cir.1978)).   A defendant, however, is "not entitled to all of the *evidence* the government intends to produce, but only the *theory* of the government's case."   Id. at 1030.   In United States v. Dunn, the United States Court of Appeals for the Tenth Circuit explained: "[If an] indictment . . . tracks the statutory language, that fact alone will not defeat it."   Id. at 1029.   Instead, "[s]ufficiency is determined by practical rather than technical considerations."   Id.   The Court of Appeals then noted that the indictment quoted the statutory language under which the defendant was charged, and "included the dates of the illegal activity, the place, and the specific controlled substance."   Id.   The Tenth Circuit concluded: "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges."   Id. (quotation omitted).

## LACEY ACT

Under 16 U.S.C. § 3372(a)(1), it is illegal "to . . . sell . . . or purchase any . . . wildlife . . . taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States . . . ."   A person is subject to criminal penalties if he "knowingly engag[es] in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350 . . . knowing that the . . . wildlife . . . [was] taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation . . . ."   16 U.S.C. 3373(d)(1).

## ANALYSIS

The Defendants aver that the Indictment "is insufficient to apprise [them] of what acts or

conduct that [they] are alleged to have committed to sell, purchase, or offer to sell or purchase the oryx named therein, or to transport, receive, acquire the animal in violation of the laws of the United States." Motion for Bill of Particulars ¶ 5, at 2. The Defendants also maintain that the Indictment is so vague that they cannot properly prepare pretrial motions or decipher the factual basis of the United States' allegations.

Contrary to the Defendants' assertions, the Indictment is sufficient to apprise them of the essential elements of the crimes charged, and to inform them of the charges against which they must prepare a defense. The Indictment tracks the statutory language of the offense charged, cites to the Lacey Act provisions which they are alleged to have violated, and includes the date, county, and type of animal at issue. The Court concludes that the Indictment contains the elements of the offense and apprises the defendant of the charges he must meet so that a judgment returned on the indictment will protect him  against double jeopardy.  See United States v. Bedonie, 913 F.2d at 790; United States v. Dunn, 841 F.2d at 1029.  That only one animal is at issue strengthens this conclusion.  Moreover, Rankin filed six motions, so any lack of detail in the Indictment has not hampered his defense.  It is clear to all involved what the alleged crime is.  Because the Indictment contains all of the essential elements and apprises the Defendants of the charges he must meet, and because the Tenth Circuit has cautioned against the use of a Bill of Particulars as a discovery device, the Court will deny the Defendants motion.

**IT IS ORDERED** that Defendants Robert Jess Rankin's and Scott Bruns' Motion for Bill of Particulars is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
James T. Martin
  Assistant United States Attorney
Office of the United States Attorney
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Robert E. Kinney
  Federal Public Defender
Las Cruces, New Mexico

     *Attorney for Defendant Robert Jess Rankin*

Jess R Lilley
Lilley Law Offices
Las Cruces, New Mexico

     *Attorney for Defendant Scott Bruns*